United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK STEWART, AU0571,<br>Petitioner,<br>v.<br>WILLIAM MUNIZ, Warden,<br>Respondent. | Case No. 17-cv-01406-CRB (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 12 & 15) |

**I.**

Petitioner, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), seeks a writ of habeas corpus under 28 U.S.C. § 2254 invalidating an August 2008 revocation of parole for spousal rape he claims has resulted in the imposition of a restricted "R" suffix classification that now precludes him from having overnight family visits. Per order filed on August 16, 2017, the court (Ryu, M.J.) found that the petition did not appear on its face to be without merit and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent instead filed a request for reassignment to a district judge and a motion to dismiss the petition on the grounds that it fails to state a claim that is cognizable in federal habeas and that it is untimely. Petitioner filed an opposition and respondent filed a reply. (Petitioner also filed an unsolicited sur-reply the court has reviewed.)

**II.**

On August 6, 2008, the Board of Parole Hearings (BPH) determined that good cause supported a finding of spousal rape and revoked petitioner's parole in connection with an unspecified conviction and sentence petitioner completed serving some months later.

On July 16, 2014, petitioner was sentenced in San Joaquin County Superior Court to 18 years in state prison for voluntary manslaughter with enhancements for use of a firearm and for having suffered a prior prison term.

On March 30 and April 21, 2015, petitioner filed prison administrative appeals challenging the denial of overnight family visits due to a restricted "R" suffix classification he claimed was improperly based on his August 2008 revocation of parole. The appeals were denied at the third and final level of review on September 28, 2015 and January 26, 2016, respectively.

On February 16, 2016, petitioner filed a petition for a writ of habeas corpus in Kern County Superior Court challenging the denial of overnight family visits due to his restricted "R" suffix classification he claimed was improperly based on his August 2008 revocation of parole. It was denied on June 13, 2016.

On July 20, 2016, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. It was denied on August 4, 2016.

On August 18, 2016, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of California. It was denied on February 22, 2017.

On March 15, 2017, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 claiming that the August 6, 2008 revocation of parole violated due process.

**III.**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

This court's habeas jurisdiction requires that a petitioner be in custody under the conviction or sentence under attack at the time his federal petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Petitioner was not in custody under the conviction or sentence in connection with the August 2008 parole revocation under attack at the time his federal petition was filed on March 15, 2017. That conviction and sentence expired some seven months after his parole was revoked on August 6, 2008. But petitioner argues that his case qualifies under a well-recognized exception to the in-custody jurisdictional requirement.

2

The Supreme Court has held that a petitioner challenging in habeas the validity of an expired conviction which he maintains is being used as a predicate or enhancement to his current confinement or sentence satisfies the custody requirement, even if he is no longer in custody for the prior conviction. See Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 401-02 (2001); Maleng, 490 U.S. at 493-94. Such a challenge is construed as an attack on the petitioner's current confinement or sentence. See Coss, 532 U.S. at 401-02 (challenge to 1958 expired conviction construed as challenge to current 1978 sentences enhanced by 1958 conviction); Feldman v. Perrill, 902 F.2d 1445, 1448-49 (9th Cir. 1990) (challenge to expired state court conviction used to deny parole in current federal sentence construed as attack on federal sentence). Borrowing this reasoning, petitioner argues that the court should construe his challenge to the August 2008 parole revocation as an attack on his current confinement or sentence because the BPH's August 2008 good cause finding (GCF) of spousal rape is being used to enhance his sentence by denying him overnight family visits and other privileges. But the Maleng exception is limited to expired convictions used as a predicate or enhancement to a current confinement or sentence, and has not been extended to expired non-judicial findings by a parole board used as a factor in prison classification proceedings in connection with a current confinement or sentence. Cf. Zichko v. Idaho, 247 F.3d 1015, 1019-20 (9th Cir. 2001) (finding habeas petitioner is in custody for purposes of challenging earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law, because the earlier rape conviction is a necessary predicate to the failure to register charge).

Even if petitioner could establish that he is in custody for purposes of challenging the August 2008 GCF and parole revocation, his claim of denial of due process in connection with the August 2008 GCF and parole revocation is not cognizable in federal habeas. In limiting its holding in Maleng to the narrow issue of custody, the Supreme Court expressed no view on the extent to which the expired conviction itself could be subject to challenge in the attack upon the later sentences it was used to enhance. See Maleng, 490 U.S. at 494. But in two subsequent cases, the Court determined that the expired conviction itself could not be challenged in an attack upon the later sentence it was used to enhance. See Coss, 532 U.S. at 403-04 (prior conviction

3

cannot be challenged in a § 2254 petition); Daniels v. United States, 532 U.S. 374, 382-83 (2001) (prior conviction cannot be challenged in a § 2255 motion). With respect to state convictions, the Court stated:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Coss, 532 U.S. at 403-04 (internal citation omitted). The only exception the Court expressly recognized to this rule is for a claim that the prior conviction was unconstitutional because there was a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963). See Coss, 532 U.S. at 404; Daniels, 532 U.S. at 382. Petitioner does not raise such a Sixth Amendment claim in connection with the August 2008 GCF and parole revocation, and no such claim is applicable in this context.

The Ninth Circuit has recognized another exception to Coss: "[W]hen a defendant cannot be faulted for failing to obtain timely review of a constitutional challenge to an expired prior conviction, and that conviction is used to enhance his sentence for a later offense, he may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Dubrin v. California, 720 F.3d 1095, 1099-1100 (9th Cir. 2013). In Dubrin, petitioner was precluded from obtaining timely review of his constitutional claims because the state courts incorrectly dismissed his state habeas petitions on the ground that he was no longer in custody although he was on parole and therefore still in custody. See id. But no one other than petitioner can be faulted for his failure to obtain timely review of a constitutional challenge to the August 2008 GCF and parole revocation. Petitioner argues that he did not obtain timely review of the GFC because he "assumed" that he had been vindicated of the spousal rape charge after he was released without any registration or special conditions after serving a seven-month sentence in a substance abuse program in the county jail. Petitioner's mistaken assumption is not a basis for an exception to Coss under Dubrin because it cannot be said that he was

4

1 precluded from obtaining timely review of the August 2008 GCF and parole revocation through
2 no fault of his own. See id.

**IV.**

Petitioner's federal habeas petition also is untimely. Under the applicable statute of limitation, petitioner had one year from the date his parole revocation became final to seek federal habeas relief. See Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (under 28 U.S.C. § 2244(d)(1), limitation period began to run day after petitioner received timely notice of denial of his administrative appeal challenging disciplinary decision); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (under § 2244(d)(1), limitation period began to run day after Board of Prison Terms (BPT) denied petitioner's administrative appeal challenging its decision that petitioner was unsuitable for parole). Because petitioner did not administratively challenge/exhaust BPH's decision to revoke his parole on August 6, 2008, the one-year limitation period began to run against petitioner the next day and expired on August 6, 2009. See id. at 1079, 1084-85.

The one-year limitation period is tolled while a properly filed application for state court relief remains pending. See id. at 1084 (prisoner challenging administrative decision receives statutory tolling under 28 U.S.C. § 2244(d)(2) for period during which state habeas petitions are pending). But unfortunately for petitioner, by the time he filed his first state habeas petition in Kern County Superior Court on February 16, 2016, the limitation period had long expired and it is well established that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).

Nor is petitioner entitled to equitable tolling. The Supreme Court has made clear that a petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Petitioner's mistaken assumption that he had been vindicated of the August 2008 GCF is not a valid basis for equitable tolling. Cf. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling).

5

**V.**

For the foregoing reasons, respondent's motion to dismiss the petition (ECF No. 12) is GRANTED.[1] The dismissal is without prejudice to petitioner seeking relief from the impact of the August 2008 GCF finding on his current prison classification in the state courts or in a civil rights action under 42 U.S.C. § 1983.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

Dated: January 24, 2018

_____
CHARLES R. BREYER
United States District Judge

---

[1] Petitioner's post-briefing motion for appointment of counsel (ECF No. 15) is DENIED as moot and for lack of merit. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).